**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-12728 (CTG) |
| IDEANOMICS, INC., *et al.*[1] | (Jointly Administered) |
| Debtors. | Related Docket No. 51 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF**
**JVIS-USA, LLC TO DEBTORS' MOTION FOR ENTRY OF ORDER (I)**
**APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**
**FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND**
**ENCUMBRANCES; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND**
**(III) GRANTING RELATED RELIEF**

JVIS-USA, LLC. ("**JVIS**"), by and through its undersigned counsel, files this limited objection and reservation of rights (the "**Limited Objection**") to the *Debtors' Motion for Entry of Order (I) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; (II) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (Docket No. 51) (the "**Sale Motion**").[2] In support, JVIS relies upon the *Declaration of John Fuery Dated January 30, 2025* (the "**Declaration**")*,* filed herewith, and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or state identification number are, are: Ideanomics, Inc. (8374); Wireless Advanced Vehicle Electrification, LLC (6793); Solectrac, Inc. (4653); Timios Holdings Corp. (0190); Justly Holdings Inc. (3657); Justly Markets LLC f/k/a Delaware Board of Trade Holdings, Inc. (5107); VIA Motors International, Inc. (7063); and VIA Motors, Inc. (0185).  The headquarters for the above captioned Debtors is located at 1441 Broadway, 5th Floor, Suite 5116, New York, New York 10018.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion or applicable exhibits thereto.

1

## PRELIMINARY STATEMENT

JVIS has a prepetition judgment against Debtor VIA Motors, Inc. ("**VIA**") and a valid, duly-perfected senior lien against certain of VIA's assets (the "**Collateral**"). The Sale Motion purports to sell the Collateral free and clear of JVIS' lien without requiring that such lien be satisfied in cash in full or providing any adequate protection to JVIS. Accordingly, the Motion should be denied as to the Collateral.

## BACKGROUND

**A.    The JVIS Contracts With VIA**

1.    The following facts are set forth in the Declaration and are believed to be undisputed.

2.    JVIS is an automotive supplier that manufactures and assembles automotive interior and exterior trim and components, and electronics, and provides engineering, design, and development services related to these manufacturing and assembly services in Michigan and around the world.

3.    Around the Fall of 2021 JVIS and VIA entered into a contract (the "**First Contract**") for JVIS to provide VIA with engineering design and development ("**ED&D**") services related to the entire interior cab of an electric commercial vehicle that VIA planned to manufacture. The First Contract was comprised of purchase orders, terms and conditions, and related documents that reflect, in part, the pricing, terms of payment, timing, and other provisions of the parties' contract. The First Contract covered JVIS's ED&D work from roughly September of 2021 to roughly June/July of 2022.

4.    Because VIA requested more ED&D work from JVIS after the expiration of the First Contract, the parties negotiated a contract for the extension of these ED&D services. Around November of 2022, the parties entered into a second contract (the "**Second Contract**") for JVIS to provide continued ED&D services related to the interior of VIA's proposed vehicle. The Second Contract is comprised of purchase orders, terms and conditions, and related documents that reflect, in

part, the pricing, terms of payment, timing, and other provisions of the parties' contract. The Second Contract covered JVIS's ED&D work from roughly August of 2022 to October of 2023.

5. JVIS complied with its obligations under the parties' contracts.

**B.    JVIS' Prepetition Judgment Against VIA And Seizure Of Certain Assets**

6. VIA failed to pay JVIS for its work and thereby breached the parties' contracts. In March 2023, JVIS commenced an action in Michigan state court against VIA. A true and correct copy of the complaint is attached to the Declaration as **Exhibit A.**

7. On July 27, 2023, JVIS obtained a judgment (the "**Judgment**") against VIA in the amount of $1,064,456.00 plus interest and costs of collection. A true and correct copy of the Judgment is attached to the Declaration as **Exhibit B**.

8. On September 7, 2023, JVIS obtained an order to seize property of VIA (the "**Seizure Order**"). A true and correct copy of the Seizure Order is attached to the Declaration as **Exhibit C**.

9. On or before September 19, 2023, certain property of VIA the ("**Seized Property**") was seized pursuant to the Seizure Order. A true and correct list of the Seized Property is attached to the Declaration as **Exhibit D**. The Seized Property is currently in possession of JVIS.

10. On October 23, 2023, JVIS filed UCC-1 all asset financing statements referencing the judgment in the states of Delaware, Michigan, and Utah. True and copies of all UCC-1 financing statements are attached to the Declaration as **Exhibit E**.

11. On November 30, 2023, JVIS recorded an assignment-security interest in the US Patent and Trademark Office with respect to certain trademarks (the "**Trademarks**") to which the Seizure Order applied. A true and correct copy of such document is attached to the Declaration as **Exhibit F**.

12. The JVIS judgment and lien filings described above all predate the security interest held by the purchaser, Tillou Management and Consulting LLC ("**Tillou**"). A true and correct copy

of Tillou's UCC-1 filing against VIA, obtained by counsel for JVIS through a third-party lien search, is attached to the Declaration as **Exhibit G**. As indicated thereon, Tillou's UCC-1 filing was not filed until November 6, 2024, more than a year after JVIS filed its own UCC-1 forms.

### C. The Bankruptcy Cases

13. On December 4, 2024 (the "**Petition Date**"), Ideanomics, Inc., VIA, and certain affiliates (collectively, the "**Debtors**") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

14. Together with various first-day motions, the Debtors filed on the Petition Date their motion to approve postpetition financing [D.I. 13] (the "**DIP Motion**"). Shortly thereafter, on December 9, 2024, the Debtors filed their Sale Motion. The Sale Motion sought, *inter alia*, approval of procedures governing the sale and bidding procedures of substantially all of the Debtors' assets, including the Seized Property and the Trademarks. JVIS filed a limited objection to the Debtors' proposed bidding procedures [D.I. 75] to protect its rights and interests in its collateral and ensure that adequate notice thereof was provided to potential bidders and parties in interest. The limited objection was consensually resolved through certain additional disclosures and changes to the bidding procedures, as described on the record at the bidding procedures hearing held on January 7, 2025, and the Court thereafter entered an order [D.I. 119] approving the same.[3]

15. On January 6, 2025, JVIS filed a proof of claim against VIA in the amount of $1,163,272.63. A true and correct copy is attached to the Declaration as **Exhibit H.**

---

[3] Among other things, the resolution of JVIS' bidding procedures objection included confirmation of JVIS' right to credit bid for its Collateral. JVIS is considering the submission of such a credit bid and reserves all rights.

16.     On January 8, 2025, the Court entered a final order [D.I. 118] approving the DIP Motion (the "**Final DIP Order**") approving the Debtors' senior secured superpriority debtor-in-possession financing facility on a final basis.  Importantly, the DIP Motion did not seek, and the Final DIP Order does not provide, for the priming of JVIS' liens in its collateral.

17.     JVIS and the Debtors have engaged in discussions, but no agreement has been reached to date to resolve JVIS' liens or provide adequate protection.  Accordingly, JVIS hereby objects to the Sale Motion, for the reasons specified below, and has filed herewith a motion for relief from the automatic stay (the "**Stay Relief Motion**") seeking authority to complete the state law process to sell its collateral.

## OBJECTION

18.     JVIS has a valid senior security interest in the Seized Property and the Trademarks (the "**Collateral**").  JVIS has filed a proof of claim asserting its security interest in the Collateral, *see* Exhibit G, and in the absence of an objection, such proof of claim is presumptively valid.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  JVIS' lien is senior to that of Tillou.  *See* Exhibit E (JVIS UCC-1 forms filed in October 2023) *and* Exhibit H (Tillou UCC-1 forms filed in November 2024).  JVIS thus has met its burden, see 11 U.S.C. § 363(p)(2), and the Debtors may only sell the Collateral free and clear of JVIS' senior lien with JVIS' consent (JVIS does not consent), by satisfying JVIS' lien in full, or by providing JVIS with adequate protection.  11 U.S.C. § 363(e) ("the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.").  Because the Motion fails to indicate how the Debtors intend to provide JVIS with adequate protection, it must be denied as to JVIS' Collateral.

19.     JVIS, of course, has no objection to the sale of its Collateral if the Debtors wish to satisfy the JVIS judgment lien in full and in cash, but neither the Sale Motion nor stalking horse purchase agreement (the "APA") definitively require such a payment.[4]

20.     Section 3.1(a)(ii) of the APA defines "Purchase Price" to include "the amount required to pay and satisfy in full in cash any Encumbrances against the Purchased Assets that are senior to the liens of Purchaser against the Purchased Assets[.]"  The APA appears to contemplate that JVIS' Collateral falls within the scope of "Purchased Assets" because it broadly provides for the sale of all "Intellectual Property" and " all fixed assets, tangible assets and other personal property[.]"  APA § 2.1(h), (m).  The Debtors thus may intend that the JVIS judgment lien is a senior Encumbrance on Purchased Assets to be satisfied in cash – and if that is the case, JVIS would welcome confirmation of that position - but even if true, the APA permits the purchaser to change its mind and exclude assets from the transaction prior to closing.  *See* APA § 2.1 ("at any time at least seven (7) Business Days prior to the Closing, Purchaser may, in its discretion by written notice to Sellers, designate any of the Purchased Assets as additional Excluded Assets…").  Thus, there is no certainty that the Debtors or the purchaser will in fact pay JVIS what it is owed to satisfy its senior security interest in the Collateral.

## **RESERVATION OF RIGHTS**

21.     JVIS reserves its right to supplement or amend this Objection with respect to the Sale Motion and to seek alternative or additional relief.  Nothing herein shall be construed as a waiver of any such rights.

---

[4] To satisfy JVIS' security interest and take possession of the Collateral from JVIS, the Debtors must not only satisfy JVIS' judgment in cash, but must also pay the applicable Michigan court officer's fee, storage costs, and provide a satisfactory licensed and insured mover to remove the seized assets from JVIS' facility.

## CONCLUSION

**WHEREFORE**, JVIS respectfully requests that the Court (i) sustain this Objection and deny approval of the Sale Motion with respect to JVIS' Collateral, and (ii) grant to JVIS such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: January 30, 2025   **CHIPMAN BROWN CICERO & COLE, LLP**
Wilmington, Delaware

/s/ *Mark L. Desgrosseilliers*
Robert A. Weber (No. 4013)
Mark L. Desgrosseilliers (No. 4083)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Email: weber@chipmanbrown.com
             desgross@chipmanbrown.com

and

Deborah L. Fish, Esquire
Allard & Fish, P.C.
211 West Fort Street, Suite 705
Detroit, Michigan 48226
Telephone: (313) 309-3171
Email: dfish@allardfishpc.com

*Counsel for JVIS-USA, LLC*