**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IDEX WIND DOWN, INC. f/k/a IDEANOMICS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12728 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 571-1, 573, 614, & 623 & 635** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER, APPROVING THE AMENDED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF IDEX WIND DOWN, INC. F/K/A IDEANOMICS, INC. AND CERTAIN OF ITS DEBTOR AFFILIATES, AND GRANTING RELATED RELIEF**

IDEX Wind Down, Inc. f/k/a Ideanomics, Inc.; WAVE Wind Down, LLC f/k/a Wireless Advanced Vehicle Electrification, LLC; Timios Holdings Corp.; Justly Holdings Inc.; Justly Markets Wind Down LLC f/k/a Justly Markets LLC f/k/a Delaware Board of Trade Holdings, Inc.; VIA Motors International, Inc.; and VIA Motors, Inc. (collectively, the "Debtors")[2] in the above-captioned chapter 11 cases (the "Chapter 11 Cases") having:[3]

a. commenced, on December 4, 2024 (the "Petition Date"), the Chapter 11 Cases by filing voluntary petitions in the United States Bankruptcy Court

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or state identification number are, are: IDEX Wind Down, Inc. f/k/a Ideanomics, Inc. (8374); WAVE Wind Down, LLC f/k/a Wireless Advanced Vehicle Electrification, LLC (6793); Solectrac, Inc. (4653); Timios Holdings Corp. (0190); Justly Holdings Inc. (3657); Justly Markets Wind Down LLC f/k/a Justly Markets LLC f/k/a Delaware Board of Trade Holdings, Inc. (5107); VIA Motors International, Inc. (7063); and VIA Motors, Inc. (0185). The headquarters for the above-captioned Debtors is located at 217 W. 18th Street, PO Box 70, New York, NY 10113.

[2] Solectrac. Inc. ("Solectrac") is also a Debtor in these Chapter 11 Cases but it is not a proponent of the Combined DS and Plan.

[3] Capitalized terms used but not otherwise defined in these findings of fact, conclusions of law, and order have the meanings given to them in the *Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of IDEX Wind Down, Inc. f/k/a Ideanomics, Inc. and Certain of Its Debtor Affiliates*, attached hereto as **Exhibit A** (as may be amended, supplemented, or otherwise modified from time to time, and including all exhibits and supplements thereto, the "Combined DS and Plan"). For the avoidance of doubt, this Order and the Combined DS and Plan do not include the estate of Solectrac and does not resolve any Claims against Solectrac.

for the District of Delaware (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

b. continued to remain in possession of their property and operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

c. filed, on October 29, 2025, (i) the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of IDEX Wind Down, Inc. f/k/a Ideanomics, Inc. and Certain of Its Debtor Affiliates* [D.I. 540], and (ii) *Motion of Certain of the Debtors for Entry of an Order (I) Approving (A) the Combined Disclosure Statement and Plan on an Interim Basis, (B) the Solicitation and Tabulation Procedures, and (C) the Forms of Ballots, Solicitation Package, and Notices, (II) Establishing Certain Dates and Deadlines in Connection with the Solicitation and Confirmation of the Combined Disclosure Statement and Plan, (III) Scheduling a Combined Hearing for Final Approval and Confirmation of the Combined Disclosure Statement and Plan, and (IV) Granting Related Relief* [D.I. 541] (the "Motion to Approve Combined DS and Plan");

b. filed, on November 25, 2025, the *Notice of Filing of [Revised/Redlined] Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of IDEX Wind Down, Inc. f/k/a Ideanomics, Inc. and Certain of Its Debtor Affiliates* [D.I. 571].

a. obtained, on November 25, 2025, entry of the *Order (I) Approving (A) the Combined Disclosure Statement and Plan on an Interim Basis, (B) the Solicitation and Tabulation Procedures, and (C) the Forms of Ballot, Solicitation Package, and Notices, (II) Establishing Certain Dates and Deadlines in Connection with the Solicitation and Confirmation of the Combined Disclosure Statement and Plan, (III) Scheduling a Combined Hearing for Final Approval and Confirmation of the Combined Disclosure Statement and Plan, and (IV) Granting Related Relief* [D.I. 573], (the "Solicitation Order"), (i) approving the Combined DS and Plan on an interim basis, (ii) approving (A) the Solicitation and Tabulation Procedures, (B) the Ballots, the Voting Hearing Notice, and other related documents to be transmitted to holders of Claims in the Voting Classes (collectively, the "Solicitation Package"), and (C) the Non-Voting Combined Notice, each as defined in the Solicitation Order, (iii) setting deadlines in connection with confirmation, and (iv) scheduling a combined hearing on final approval of the Combined DS and Plan (the "Combined Hearing");

b. caused the Solicitation Package and the Non-Voting Combined Notice to be distributed beginning on or about November 28, 2025, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States

Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules"), the Solicitation Order, and the Solicitation and Tabulation Procedures, as evidenced by, among other things, the *Certificate of Service* [D.I. 580] (the "Solicitation Affidavit");

c. filed, on January 6, 2026, the *Declaration of Emily Young on Behalf of Epiq Corporate Restructuring, LLC, Regarding Solicitation and Tabulation of Ballots Cast on The Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Idex Wind Down, Inc. f/k/a Ideanomics, Inc. and Certain of Its Debtor Affiliates* [D.I. 611] (the "Voting Report");

d. filed, on January 6, 2026, the declaration of Alfred Poor in support of the Combined DS and Plan [D.I. 612];

the Bankruptcy Court having:

a. entered the Solicitation Order on November 25, 2025;

b. set December 29, 2025, at 4:00 p.m. (prevailing Eastern Time) as the deadline for filing and serving objections to final approval of the Disclosure Statement and confirmation of the Plan (the "Combined DS and Plan Objection Deadline");

c. set December 29, 2025, at 12:00 p.m. (prevailing Eastern Time) as the deadline for voting on the Plan (the "Voting Deadline");

d. set January 8, 2026, at 10:00 a.m. (prevailing Eastern Time) as the date and time for the commencement of the Combined Hearing;

e. considered the Combined DS and Plan, the Plan Supplement, the Solicitation Affidavit, the Voting Report, and all pleadings, exhibits, declarations, affidavits, statements, responses, and comments regarding the Combined DS and Plan, including all objections, statements, and reservations of rights filed by parties in interest on the docket of these Chapter 11 Cases;

f. held the Combined Hearing on January 8, 2026;

g. heard the statements and arguments made by counsel in respect of final approval and confirmation of the Combined DS and Plan;

h. considered all oral representations, live testimony, proffered testimony, exhibits, documents, filings and other evidence presented at the Combined Hearing; and

i. made rulings on the record at the Combined Hearing, which are incorporated in this Order (as defined below).

NOW, THEREFORE, the Bankruptcy Court having found that notice of the Combined Hearing and the opportunity for any party in interest to object to final approval and confirmation of the Combined DS and Plan have been adequate and appropriate as to all parties affected or to be affected by the Combined DS and Plan and the transactions contemplated thereby; and the Bankruptcy Court having found that the record of these Chapter 11 Cases and the legal and factual bases set forth in the documents filed in support of approval and confirmation of the Combined DS and Plan and all evidence proffered or adduced by counsel at the Combined Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact and conclusions of law, and orders (collectively, this "Order" or "Confirmation Order"):

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**IT IS HEREBY FOUND, DETERMINED, ADJUDGED, DECREED, AND ORDERED THAT:**

### A. Findings and Conclusions

2. The findings and conclusions set forth herein and on the record of the Combined Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law under rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. Each finding of fact set forth or incorporated in this Order, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law. Each conclusion of law set forth or incorporated in this Order, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

**B. Jurisdiction and Venue**

3. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Bankruptcy Local Rules, the Debtors consent to the entry of a final order by the Bankruptcy Court to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**C. Commencement and Joint Administration of the Chapter 11 Cases**

5. On the Petition Date, the Debtors commenced the Chapter 11 Cases, and the Bankruptcy Court entered an order authorizing the joint administration of the Chapter 11 Cases in accordance with Bankruptcy Rule 1015(b) [D.I. 38]. The Debtors have managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

**D. Judicial Notice**

6. The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the clerk of the Bankruptcy Court, including, but not limited to, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, adduced, and/or presented at the various hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases.

**E. Objections**

7. All parties have had a fair opportunity to litigate all issues raised, or that might have been raised, in objections to final approval and confirmation of the Combined DS and Plan and such objections, if any, have been fully and fairly litigated or resolved. Any resolution of objections to confirmation or final approval of the Combined DS and Plan explained on the record at the Combined Hearing is hereby incorporated by reference. All unresolved objections, statements, informal objections, and reservations of rights (except with respect to unresolved cure amounts), if any, related to the confirmation of the Combined DS and Plan are overruled on the merits.

**F. Conditions Precedent to Confirmation**

8. The conditions precedent to confirmation set forth in Article XIII.A of the Combined DS and Plan have been satisfied or waived in accordance with the terms thereof.

**G. Plan Supplement**

9. On December 30, 2025, the Debtors filed the Plan Supplement with the Bankruptcy Court. The Plan Supplement (including as subsequently modified, supplemented, or otherwise amended in accordance with the Combined DS and Plan as of the date hereof), complies with the terms of the Combined DS and Plan. The Debtors provided good and proper notice of the filing of the Plan Supplement in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order. All parties required to be given notice of the documents identified in the Plan Supplement have been provided due, proper, timely, and adequate notice and have had an opportunity to appear and be heard with respect thereto. The transmittal and notice of the Plan Supplement (and all documents identified in the Plan Supplement) was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases and was conducted in good faith. All documents included in the Plan Supplement are

integral to, part of, and incorporated by reference into the Combined DS and Plan. No other or further notice is or will be required with respect to the Plan Supplement. Subject to the terms of the Combined DS and Plan (including the review and consent rights of certain parties as set forth in the Combined DS and Plan), the Debtors reserve the right to alter, amend, update, or modify the Plan Supplement following the date of this Order in accordance with the terms of the Combined DS and Plan, this Order, the Bankruptcy Code, and the Bankruptcy Rules.

**H. Adequacy of the Combined DS and Plan**

10. The Combined DS and Plan contains extensive material information regarding the Debtors so that parties entitled to vote on the Combined DS and Plan could make informed decisions regarding the Combined DS and Plan. The Combined DS and Plan contains "adequate information" (as such term is defined in section 1125(a) of the Bankruptcy Code and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtors, the Combined DS and Plan, and the transactions contemplated therein. The Debtors' solicitation of acceptances and rejections of the Combined DS and Plan via transmittal of the Solicitation Order and the other materials in the Solicitation Packages was authorized by and complied with the Solicitation Order and was appropriate under the circumstances.

**I. Solicitation Order and Notice**

11. On November 25, 2025, the Bankruptcy Court entered the Solicitation Order. As evidenced by the Solicitation Affidavit and the record in the Chapter 11 Cases, the Debtors provided due, adequate, and sufficient notice of the Combined DS and Plan, the Solicitation Order, the Solicitation Package, the Non-Voting Combined Notice, the Plan Supplement, the release, exculpation, and injunction provisions contained in the Combined DS and Plan, the Combined Hearing, the Voting Deadline, the Combined DS and Plan Objection Deadline, and any other applicable dates described in the Solicitation Order, in compliance with the Bankruptcy

Code, the Bankruptcy Rules, including Bankruptcy Rules 2002(b), 3016, 3017, 3019, and 3020(b), the Bankruptcy Local Rules, the Solicitation and Tabulation Procedures, and the Solicitation Order. No other or further notice is or shall be required.

**J. Solicitation**

12. The Debtors solicited votes for acceptance and rejection of the Combined DS and Plan in good faith, and such solicitation complied with the Bankruptcy Code, including sections 1125 and 1126 of the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3017, 3018, and 3019, the Bankruptcy Local Rules, the Solicitation Order, the Solicitation and Tabulation Procedures, and all other applicable rules, laws, and regulations. Transmission and service of the Solicitation Package was timely, adequate, and sufficient under the facts and circumstances of the Chapter 11 Cases. No other or further notice is or shall be required.

**K. Voting Report**

13. The Voting Report was admitted into evidence during the Combined Hearing without objection. The procedures used to tabulate Ballots were fair and conducted in accordance with the Solicitation Order, the Solicitation and Tabulation Procedures, the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and all other applicable rules, laws, and regulations.

14. As set forth in the Combined DS and Plan, Holders of Claims in Class 3 and Class 4 (the "Voting Classes") were eligible to vote to accept or reject the Combined DS and Plan in accordance with the Solicitation and Tabulation Procedures. As evidenced by the Voting Report, pursuant to the Solicitation Order, the Voting Classes at each Debtor entity required to vote in favor of the Combined DS and Plan for confirmation voted to accept the Combined DS and Plan in accordance with section 1126 of the Bankruptcy Code.

**L. Bankruptcy Rule 3016**

15. The Combined DS and Plan is dated and identify the entities submitting them, satisfying Bankruptcy Rule 3016(a). The Debtors appropriately filed the Combined DS and Plan with the Bankruptcy Court, satisfying Bankruptcy Rule 3016(b). The injunction, release, and exculpation provisions in the Combined DS and Plan describe, in bold font and with specific and conspicuous language, all acts to be enjoined and identify the entities that will be subject to the injunction, satisfying Bankruptcy Rule 3016(c).

**M. Burden of Proof**

16. The Debtors, as proponents of the Combined DS and Plan, have met their burden of proving the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, the applicable evidentiary standard for confirmation. Further, to the extent applicable, the Debtors have proven the elements of sections 1129(a) and 1129(b) by clear and convincing evidence. Each witness who testified (by declaration, proffer, or otherwise) on behalf of the Debtors in connection with the Combined Hearing was credible, reliable, and qualified to testify as to the topics addressed in his or her testimony.

**N. Compliance with the Requirements of Section 1129 of the Bankruptcy Code**

17. Based on the following findings of fact and conclusions of law, the Combined DS and Plan, all pleadings, documents, exhibits, statements, declarations, and affidavits filed in connection with confirmation of the Combined DS and Plan, and all evidence and arguments made, proffered, or adduced at the Combined Hearing, all requirements for plan confirmation set forth in section 1129 of the Bankruptcy Code have been satisfied.

**1. Section 1129(a)(1): Compliance with Applicable Provisions of the Bankruptcy Code**

18. The Combined DS and Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123, as required by section 1129(a)(1) of the Bankruptcy Code.

**a. Sections 1122 and 1123(a)(1): Proper Classification**

19. The Combined DS and Plan designates all Claims and Interests, other than the Claims of the type described in sections 507(a)(2), 507(a)(3), or 507(a)(8) of the Bankruptcy Code, into seven Classes. The Claims or Interests in each designated Class have the same or substantially similar rights as the other Claims or Interests in such Class. Valid business, legal, and factual reasons exist for separately classifying the various Classes of Claims and Interests under the Combined DS and Plan. The classifications were not promulgated for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among Holders of Claims or Interests. The Combined DS and Plan, therefore, satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

**b. Section 1123(a)(2): Specification of Unimpaired Classes**

20. The Combined DS and Plan specifies that Claims in Class 1 and Class 2 are Unimpaired (the "Presumed Accepting Classes") within the meaning of section 1124 of the Bankruptcy Code, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

**c. Section 1123(a)(3): Specification of Treatment of Impaired Classes**

21. The Combined DS and Plan specifies that Claims or Interests in Classes 5, 6, and 7 are Impaired within the meaning of section 1124, and specifies the treatment of such Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

**d. Section 1123(a)(4): No Disparate Treatment**

22. The Combined DS and Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment on account of such Claim or Interest. Accordingly, the Combined DS and Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

**e. Section 1123(a)(5): Adequate Means for Combined DS and Plan Implementation**

23. The Combined DS and Plan, the various documents included in the Plan Supplement, and the terms of this Order provide adequate and proper means for the implementation of the Combined DS and Plan, including, among other things: (a) the general settlement of Claims and Interests; (b) the sources of consideration for distributions under the Combined DS and Plan; (c) the appointment of the Liquidating Trustee; (d) the vesting of the Liquidating Trust Assets in the Liquidating Trust; and (e) the wind down of the Debtors' affairs. Accordingly, the Combined DS and Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

**f. Section 1123(a)(7): Directors, Officers, and Trustees**

24. The identity of the Liquidating Trustee is disclosed in the Plan Supplement. The selection of the Liquidating Trustee is consistent with the interests of Holders of Claims and Interests and public policy. Thus, the Combined DS and Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

**g. Sections 1123(a)(6) and 1123(a)(8): Inapplicable Provisions**

25. The Combined DS and Plan does not provide for the issuance of new equity interests and, therefore, section 1123(a)(6) of the Bankruptcy Code is inapplicable. Additionally,

none of the Debtors are individuals and, therefore, section 1123(a)(8) of the Bankruptcy Code is inapplicable.

**h. Section 1123(b): Discretionary Contents of the Combined DS and Plan**

26. The Combined DS and Plan's discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent with the applicable provisions of the Bankruptcy Code. Thus, the Combined DS and Plan satisfies section 1123(b) of the Bankruptcy Code.

**(i) Impairment/Unimpairment of Any Class of Claims or Interests**

27. In accordance with section 1123(b)(1) of the Bankruptcy Code, each Class of Claims and Interests is either Impaired or Unimpaired under the Combined DS and Plan.

**(ii) Assumption and Rejection of Executory Contracts and Unexpired Leases**

28. In accordance with section 1123(b)(2) of the Bankruptcy Code, the Combined DS and Plan provides that, on the Effective Date, except as otherwise provided therein, each Executory Contract and Unexpired Lease of the Debtors shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code. The Debtors' determinations regarding the assumption (or assumption and assignment) or rejection of Executory Contracts and Unexpired Leases are based on, and within, the sound business judgment of the Debtors, are necessary to the implementation of the Combined DS and Plan, and are in the best interests of the Debtors, their Estates, Holders of Claims and Interests, and other parties in interest in the Chapter 11 Cases. Entry of this Order by the Bankruptcy Court shall constitute approval of such assumptions, assumptions and assignments, and/or rejections, as applicable, pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

**(iii) Preservation of Causes of Action**

29. In accordance with section 1123(b)(3)(B) of the Bankruptcy Code, the Combined DS and Plan provides that (a) all Preserved Estate Claims shall be preserved and shall be transferred to, and vest in, the Liquidating Trust. The Combined DS and Plan and the Plan Supplement provide adequate disclosure with respect to the Causes of Action to be retained by the Liquidating Trust, and all parties in interest received adequate notice thereof. The Combined DS and Plan and Plan Supplement are specific and unequivocal with respect to Causes of Action to be preserved and retained by the Liquidating Trust. Notwithstanding anything to the contrary, the term "Preserved Estate Claims" means those Causes of Action of the Debtors and the Estates, including the Debtors' rights under assumed Executory Contracts, assumed Unexpired Leases and the Returned Tillou Causes of Action, and Avoidance Actions, to the extent not sold pursuant to the Sale Orders (unless assigned back to the Debtors or the Liquidating Trust), and were not waived, relinquished, released, compromised, or settled in the Combined DS and Plan or any Final Order. For the avoidance of doubt, the Preserved Estate Claims do not include any Causes of Action owned by the Solectrac Estate.

30. As set forth in Article VII.B.3 of the Combined DS and Plan, notwithstanding anything to the contrary in the Combined DS and Plan (including in Article VII and/or in Article XII of the Combined DS and Plan) or otherwise, to the extent any D&O Actions are not released pursuant to Article XII, and are brought against the D&Os and such D&O Actions result in a recovery (including by way of settlement, judgment or award) against any D&O, such D&O reserves the right to seek coverage for such recovery from the applicable D&O Policy, and any such recovery shall be satisfied solely by and limited to the extent of the proceeds of any applicable D&O Policy after payment from such D&O Policy of any and all covered costs and expenses incurred in connection with the defense of the D&O Action.

**(iv) Releases by the Debtors**

31. Article XII.A of the Combined DS and Plan (the "Releases by the Debtors") describes certain releases granted by the Debtors and their Estates. Such releases are a necessary and integral element of the Combined DS and Plan, and are fair, reasonable, and in the best interests of the Debtors, their Estates, and Holders of Claims and Interests. The Releases by the Debtors are: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good-faith settlement and compromise of the Causes of Action released by the Releases by the Debtors; (c) given and made after due notice and opportunity for hearing; (d) appropriately tailored under the facts and circumstances of the Chapter 11 Cases; and (e) a bar to any of the Debtors and their Estates asserting any Cause of Action released by the Releases by the Debtors against the Released Parties or their property. Accordingly, the Releases by the Debtors are approved.

**(v) Third Party Releases**

32. Article XII.B of the Combined DS and Plan (the "Third Party Release") describes certain releases granted by the Releasing Parties. The Releasing Parties were provided proper and sufficient notice of the Combined DS and Plan, the Third-Party Release, and the Combined DS and Plan Objection Deadline through the service of the Solicitation Package and the Non-Voting Combined Notice. No further notice is necessary. The Combined DS and Plan, the Solicitation Package, and the Non-Voting Combined Notice each included the Third Party Release provision in conspicuous, boldface type, and the Solicitation Package and Non-Voting Combined Notice informed Holders of Claims and Interests in the Debtors that they would be deemed to have consented to the Third Party Release if they did not (a) timely return the Opt-In Form included in the Ballot and Non-Voting Combined Notice by the Voting Deadline, (b) object to their inclusion as a Releasing Party by the Combined DS and Plan Objection Deadline,

or (c) timely return the Opt-Out Form included in the Ballot for Voting Classes. The Combined DS and Plan provides appropriate and specific disclosure with respect to the Causes of Action that are subject to the Third Party Release, and no other disclosure is necessary. The Third Party Release is specific in language, integral to the Combined DS and Plan, and given for substantial consideration. Notwithstanding anything in Combined DS and Plan, the Solicitation Package, the Ballots, and Non-Voting Combined Notice to the contrary, Releasing Parties only consist of: (a) all Holders of Claims who are sent a Ballot, vote to accept or reject the Combined DS and Plan and do not timely elect to opt-out of the releases provided by the Combined DS and Plan in accordance with the Solicitation Procedures; (b) all Holders of Claims who are sent a Non-Voting Combined Notice and timely elect to opt-in to the release provided by the Combined DS and Plan in accordance with the Solicitation Procedures; (c) each Released Party; (d) Tillou; and (e) each current and former Affiliate of each Entity in clauses (a) through (d) for which such Entity is legally entitled to bind such Affiliate to the releases contained in the Combined DS and Plan under applicable non-bankruptcy law; and (f) each Related Party of each Entity in clause (a) through (e) above. For clarity, notwithstanding anything in this Order or the Combined DS and Plan, the Debtors' professionals retained under an order of the Bankruptcy Court do not waive or release any claims against the Debtors for fees and expenses, subject to the provisions of the Combined DS and Plan.

33. The Third Party Release is (a) consensual with respect to the Releasing Parties, (b) an essential provision of the Combined DS and Plan, (c) given in exchange for the good and valuable consideration provided by the Released Parties, (d) a good-faith settlement and compromise of the Causes of Action released by the Third Party Release, (e) materially beneficial to, and in the best interests of, the Debtors, their Estates, and their stakeholders, and

important to the overall objectives of the Combined DS and Plan to finally resolve certain Causes of Action among or against certain parties in interest in the Chapter 11 Cases, (f) fair, equitable, and reasonable, (g) given and made after due notice and opportunity for hearing, (h) a bar to any of the Releasing Parties asserting any Cause of Action released by the Third Party Release against any of the Released Parties or their property, and (i) consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code. Accordingly, the Third Party Release is approved.

**(vi) Exculpation**

34. Consistent with sections 157 and 1334(a) and (b) of title 28 of the United States Code, and sections 105(a), 1123(b)(3), 1123(b)(6), and 1125(e) of the Bankruptcy Code, the Bankruptcy Court has jurisdiction and authority to approve the exculpation set forth in Article XII.C of the Combined DS and Plan (the "Exculpation"). The Exculpation is appropriate under applicable law because it was proposed in good faith, was formulated following extensive good-faith, arm's-length negotiations with key constituents, is essential to the Combined DS and Plan, and is appropriately limited in scope. The Exculpated Parties relied upon the Exculpation as a material inducement to engage in prepetition and postpetition negotiations with the Debtors that culminated in the Combined DS and Plan and the settlements and compromises therein that maximize value for the Debtors' Estates and their stakeholders. The record in the Chapter 11 Cases fully supports the Exculpation, which is appropriately tailored to protect the Exculpated Parties from unnecessary litigation and contains appropriate carve outs for actions determined by a Final Order to have constituted intentional fraud, willful misconduct, and gross negligence. Accordingly, the Exculpation is approved. The Exculpated Parties, subject to the exculpation provision have, and upon entry of this Order will be deemed to have, participated in good faith and in compliance with all applicable laws with regard to the distribution of recoveries under the

Combined DS and Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing solicitation or such distributions made pursuant to the Combined DS and Plan.

**(vii) Injunction**

35. Section 105(a) and sections 1123(b)(3) and (b)(6) of the Bankruptcy Code permit issuance of the injunction provisions set forth in Article XII.D of the Combined DS and Plan as clarified by this Order (the "Injunction"). The Injunction is essential to the Combined DS and Plan and necessary to implement the Combined DS and Plan and to preserve and enforce the Releases by the Debtors, the Third Party Release, and the Exculpation provisions. The Injunction is appropriately tailored to achieve those purposes and is, therefore, approved.

**(viii) Additional Combined DS and Plan Provisions**

36. The other discretionary provisions in the Combined DS and Plan, including the Plan Supplement, are appropriate and consistent with applicable provisions of the Bankruptcy Code.

**2. Section 1129(a)(2): Compliance of the Debtors and Others with the Applicable Provisions of the Bankruptcy Code**

37. The Debtors, as proponents of the Combined DS and Plan, have complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, 1128, and 1129, and with Bankruptcy Rules 2002, 3017, 3018, and 3019. The Debtors and their agents transmitted the Solicitation Package and related documents and solicited and tabulated votes with respect to the Combined DS and Plan fairly, in good faith, and in compliance with the Solicitation Order, the Solicitation and Tabulation Procedures, the Bankruptcy Code, the Bankruptcy Rules, and the

Bankruptcy Local Rules, including, but not limited to, sections 1125 and 1126(b) of the Bankruptcy Code.

**3. Section 1129(a)(3): Proposal of Combined DS and Plan in Good Faith**

38. The Combined DS and Plan is the product of the open, honest, and good faith process through which the Debtors have conducted their Chapter 11 Cases and reflects extensive, good faith, arm's length negotiations among the Debtors and Tillou. The Combined DS and Plan itself and the process leading to its formulation provide independent evidence of the Debtors' good faith, serve the public interest, and assure fair treatment of Holders of Claims. In addition to achieving a result consistent with the objectives of the Bankruptcy Code, the Combined DS and Plan allows the Debtors' economic stakeholders to realize the highest possible recoveries under the circumstances. Consistent with the overriding purpose of the Bankruptcy Code, the Chapter 11 Cases were filed and the Combined DS and Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates. Accordingly, the Combined DS and Plan is fair, reasonable, and consistent with sections 1122, 1123, and 1129 of the Bankruptcy Code. Based on the foregoing, as well as the facts and record of the Chapter 11 Cases, including, but not limited to, the Combined Hearing, the Combined DS and Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

**4. Section 1129(a)(4): Court Approval of Certain Payments as Reasonable**

39. All payments made or to be made by the Debtors for services or for costs and expenses in connection with the Chapter 11 Cases, or in connection with the Combined DS and Plan and incident to the Chapter 11 Cases, have been authorized by, approved by, or are subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

**5. Section 1129(a)(5): Service of Certain Individuals**

40. The Debtors have disclosed the identity and affiliations with the Debtors, if any, of the Liquidating Trustee in the Plan Supplement. The appointment of the Liquidating Trustee is consistent with the interests of Holders of Claims and with public policy. Accordingly, the Combined DS and Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

**6. Section 1129(a)(6): Rate Changes**

41. The Combined DS and Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction, and, accordingly, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Plan.

**7. Section 1129(a)(7): Best Interests of Holders of Claims**

42. Each holder of a Claim either (a) has voted to accept the Combined DS and Plan, (b) is Unimpaired and deemed to have accepted the Combined DS and Plan, or (c) shall receive or retain under the Combined DS and Plan, on account of such Claim, property of a value, as of the Effective Date of the Combined DS and Plan, that is not less than the amount that such holder would receive or retain if the Debtors were to be liquidated under chapter 7 of the Bankruptcy Code. In addition, the liquidation analysis included in the Combined DS and Plan (the "Liquidation Analysis"), as well as the other evidence related thereto in support of the Combined DS and Plan that was proffered or adduced at or prior to the Combined Hearing, (a) are reasonable, persuasive, credible, and accurate as of the dates such analysis or evidence was proffered, adduced, and/or presented, (b) utilize reasonable and appropriate methodologies and assumptions, (c) have not been controverted by other evidence, and (d) establish that, with respect to each Impaired Class of Claims, each holder of an Allowed Claim in such Class, unless otherwise agreed to by such holder, shall receive under the Combined DS and Plan on account of such Allowed Claim property of a value, as of the Effective Date, that is not less than the amount

such holder would receive if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.

43. Accordingly, the Debtors have satisfied the requirements of section 1129(a)(7) of the Bankruptcy Code.

**8. Section 1129(a)(8): Acceptance by Certain Classes**

44. The Presumed Accepting Classes are Unimpaired under the Combined DS and Plan and are deemed to have accepted the Combined DS and Plan pursuant to section 1126(f) of the Bankruptcy Code. The Voting Classes are Impaired under the Combined DS and Plan and have voted as required for confirmation to accept the Combined DS and Plan at each Debtor entity. Accordingly, section 1129(a)(8) of the Bankruptcy Code has been satisfied with respect to the Presumed Accepting Classes and the Voting Classes.

45. Claims in Classes 5 through 7 are Impaired under the Combined DS and Plan and deemed to have rejected the Combined DS and Plan pursuant to section 1126(g) of the Bankruptcy Code (the "Deemed Rejecting Classes"). Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to the Deemed Rejecting Classes, the Combined DS and Plan is confirmable because the Combined DS and Plan does not discriminate unfairly and is fair and equitable with respect to the Deemed Rejecting Classes and, thus, satisfies section 1129(b) of the Bankruptcy Code with respect to such Classes as described further below.

**9. Section 1129(a)(9): Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code**

46. The treatment of Administrative Claims, Professional Fee Claims, Tax Claims, and Other Priority Claims under the Combined DS and Plan satisfies the requirements of and complies in all respects with section 1129(a)(9) of the Bankruptcy Code.

**10. Section 1129(a)(10): Acceptance by Impaired Class**

47. As evidenced by the Voting Report, without including any acceptance of the Combined DS and Plan by any insider (as defined in the Bankruptcy Code), pursuant to the Solicitation Order, Holders of Claims in the Voting Classes required to vote in favor of the Combined DS and Plan for confirmation voted to accept the Combined DS and Plan at each Debtor entity in accordance with section 1126(c) of the Bankruptcy Code. Therefore, as applicable, there is at least one Impaired Class of Claims that has accepted the Plan and, therefore, section 1129(a)(10) of the Bankruptcy Code has been satisfied.

**11. Section 1129(a)(11): Feasibility of the Combined DS and Plan**

48. The evidence supporting the Combined DS and Plan proffered or adduced by the Debtors at or before the Combined Hearing: (a) is reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (b) has not been controverted by other persuasive evidence; (c) establishes that the Combined DS and Plan is feasible and confirmation of the Combined DS and Plan is not likely to be followed by liquidation (other than as contemplated by the Combined DS and Plan) or the need for further financial reorganization; and (d) establishes that the Liquidating Trust will have sufficient funds available to meet their obligations under the Combined DS and Plan. Accordingly, the Combined DS and Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

**12. Section 1129(a)(12): Payment of Statutory Fees**

49. The Combined DS and Plan provides for the payment of all fees payable under section 1930 of title 28 of the United States Code in accordance with section 1129(a)(12) of the Bankruptcy Code.

**13. Sections 1129(a)(13), (14), (15), and (16): Inapplicable Provisions**

50. Section 1129(a)(13) is inapplicable because the Debtors do not maintain any retirement benefits as defined in section 1114 of the Bankruptcy Code. Section 1129(a)(14) is inapplicable because the Debtors are not required to pay domestic support obligations pursuant to a judicial or administrative order or statute. Section 1129(a)(15) is inapplicable because the Debtors are not individuals under the Bankruptcy Code. Section 1129(a)(16) of the Bankruptcy Code is inapplicable because the Debtors are not nonprofit entities or trusts.

**14. Section 1129(b): No Unfair Discrimination; Fair and Equitable**

51. Notwithstanding the rejection of the Combined DS and Plan by the Deemed Rejecting Classes, based upon the record before the Bankruptcy Court and the treatment provided on account of such Claims, (a) the Combined DS and Plan does not discriminate unfairly against, and is fair and equitable with respect to, such Classes of Claims and (b) the Combined DS and Plan satisfies all the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code, except for section 1129(a)(8) of the Bankruptcy Code. Accordingly, the Combined DS and Plan satisfies section 1129(b) of the Bankruptcy Code with respect to the Deemed Rejecting Classes.

**15. Section 1129(c): Only One Combined DS and Plan**

52. The Combined DS and Plan is the only plan being confirmed in the Chapter 11 Cases and, accordingly, satisfies section 1129(c) of the Bankruptcy Code.

**16. Section 1129(d): Principal Purpose of the Combined DS and Plan Is Not Avoidance of Taxes or Section 5 of the Securities Act**

53. The principal purpose of the Combined DS and Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

**17. Section 1129(e): Not Small Business Cases**

54. The Chapter 11 Cases are not small business cases and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

**O. Good Faith**

55. The Debtors have proposed the Combined DS and Plan in good faith, with the legitimate and honest purpose of maximizing the value of the Debtors' Estates for the benefit of their stakeholders. The Combined DS and Plan accomplishes this goal. The Debtors and the Exculpated Parties have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules in connection with all of their respective activities relating to support and consummation of the Combined DS and Plan, including the solicitation of acceptances of the Combined DS and Plan, their participation in the Chapter 11 Cases and the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code. Therefore, the Combined DS and Plan has been proposed in good faith to achieve a result consistent with the objectives and purposes of the Bankruptcy Code. The Exculpated Parties have, and upon completion of the Combined DS and Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distributions pursuant to the Combined DS and Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptance or rejections of the Combined DS and Plan or such distributions made pursuant to the Combined DS and Plan.

**P. Implementation**

56. All documents and agreements necessary to implement the transactions contemplated by the Combined DS and Plan, including those contained or summarized in the Plan Supplement, and all other relevant and necessary documents have been negotiated in good faith and at arm's-length, are in the best interests of the Debtors, the Estates, and Holders of Claims, and shall, upon completion of documentation and execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law. Such documents and agreements are essential elements of the Combined DS and Plan, and entry into and consummation of the transactions contemplated by each such document or agreement is in the best interests of the Debtors, their Estates, and Holders of Claims. The Debtors have exercised reasonable business judgment in determining which documents and agreements to enter into and have provided sufficient and adequate notice of such documents and agreements. The Debtors and the Liquidating Trust, are authorized to take any action reasonably necessary or appropriate to implement, effectuate and consummate the Combined DS and Plan, the documents and agreements necessary to implement the Combined DS and Plan, this Order and the transactions contemplated thereby or hereby, and including performance under the Liquidating Trust Agreement.

**ORDER**

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

**A. Findings of Fact and Conclusions of Law**

57. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein and constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule

9014. To the extent that any finding of fact is determined to be a conclusion of law, it is deemed so, and vice versa.

**B. Approval of the Combined DS and Plan**

58. The Combined DS and Plan is approved on a final basis pursuant to section 1125 of the Bankruptcy Code as containing adequate information, and sufficient information of a kind necessary to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules, and regulations.

**C. Confirmation of the Combined DS and Plan**

59. The Combined DS and Plan, including (a) all modifications to the Combined DS and Plan filed with the Bankruptcy Court prior to or during the Combined Hearing and (b) all documents incorporated into the Combined DS and Plan through the Plan Supplement, is approved in its entirety, as modified herein, and confirmed pursuant to section 1129 of the Bankruptcy Code. The Debtors are authorized to enter into and execute all documents and agreements related to the Combined DS and Plan (including all exhibits and attachments thereto and documents referred to therein, including the Plan Supplement), and the execution, delivery, and performance thereafter by the Debtors, are hereby approved and authorized. The Debtors are authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, leases, indentures, and other agreements or documents created in connection with the Combined DS and Plan, including without limitation entry into any agreements contained in the Plan Supplement, as applicable, as may be modified by the Debtors in their business judgment subject to the terms and conditions of the Combined DS and Plan. The terms of the Combined DS and Plan (including the Plan Supplement) shall be effective and binding as of the Effective Date.

60. All terms of the Combined DS and Plan and the Plan Supplement are incorporated herein by reference and are an integral part of this Order. The failure to specifically include or refer to any particular article, section, or provision of the Combined DS and Plan, the Plan Supplement, or any related document in this Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

**D. Objections Overruled**

61. All objections or responses, if any, including the objections of the Office of the United States Trustee, to final approval or confirmation of the Combined DS and Plan that have not been withdrawn, waived, settled, resolved prior to the Combined Hearing or otherwise resolved on the record of the Combined Hearing or in this Order are hereby overruled and denied on the merits, with prejudice. All objections to the entry of this Order or to the relief granted herein that were not timely filed and served prior to the Combined DS and Plan Objection Deadline are deemed waived and forever barred.

**E. Combined DS and Plan Transactions**

62. All of the transactions contemplated by the Combined DS and Plan and the Plan Supplement are hereby approved. The entry of this Order shall constitute authorization for the Debtors, and the Liquidating Trustee, as applicable, to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan Documents prior to, on and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court without further approval, act or action under any applicable law, order, rule or regulation. On the Effective Date, the officers of the Debtors and the Liquidating Trust, are authorized to do all things and to execute and deliver all agreements, documents, instruments, notices and certificates

as are contemplated by the Combined DS and Plan and to take all necessary actions required in connection therewith, in the name of and on behalf of the Debtors and the Liquidating Trust.

**F. Board Composition and Dissolution of the Debtors**

63. On the Effective Date, the respective boards of directors of each of the Debtors shall be terminated and the members of each of the boards of directors of the Debtors shall be deemed to have resigned. On the Effective Date, except as otherwise provided in the Combined DS and Plan or this Order, each Debtor shall be deemed dissolved without further order of the Bankruptcy Court or action by the Debtors or the Liquidating Trustee.

**G. Preservation of Causes of Action**

64. Except as otherwise provided in the Combined DS and Plan or this Order, on the Effective Date, (a) the Preserved Estate Claims, including any and all rights to commence, pursue, litigate or settle, as appropriate, such Preserved Estate Claims, whether existing as of the Petition Date or arising thereafter, shall automatically be deemed to have been vested in the Liquidating Trust.

65. Unless a Cause of Action against a Holder of a Claim or an Interest or other Entity is expressly waived, relinquished, released, compromised or settled in the Combined DS and Plan or any Final Order (including the Confirmation Order or by virtue of the allowance of such Claim hereunder), such Cause of Action is expressly preserved for later adjudication by the Liquidating Trust (including Causes of Action not specifically identified or of which the Debtors or their creditors who shall receive beneficial interests in the Liquidating Trust may presently be unaware or which may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist and all Preserved Estate Claims, to the extent such claims are not released by this Combined DS and Plan). No preclusion doctrine, including the doctrines of res

judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such Preserved Estate Claims upon or after the entry of the Confirmation Order or the Effective Date of the Combined DS and Plan based on the Combined DS and Plan or the Confirmation Order, except where such Causes of Action have been expressly released in the Combined DS and Plan (including, and for the avoidance of doubt, the releases contained in the Confirmation Order).

66. Any Preserved Estate Claims shall be automatically deemed to have vested in and been transferred to the Liquidating Trust on the Effective Date for investigation and potential prosecution and adjudication by the Liquidating Trust.

67. The Liquidating Trust shall have the exclusive right to pursue or adopt any Preserved Estate Claims in any lawsuit in which any Debtor is a plaintiff, defendant or an interested party, against any Entity, including the plaintiffs or co-defendants in such lawsuits. The Debtors and the Liquidating Trustee, as applicable, expressly reserve all rights to prosecute any and all Preserved Estate Claims.

**H. Liquidating Trustee**

68. The appointment of Phoenix to serve as the Liquidating Trustee is approved in all respects and the Liquidating Trustee is authorized to (a) carry out all rights and duties set forth in the Combined DS and Plan and Liquidating Trust Agreement, (b) appear and be heard on all matters related to the Chapter 11 Cases (as a representative of the Liquidating Trust and/or the Debtors, as applicable), (c) as set forth in Article VII.B.1 of the Combined DS and Plan and this Order, investigate, prosecute and resolve, in the name of the Debtors and/or the name of the Liquidating Trustee, any Preserved Estate Claims (including, for the avoidance of doubt, any criminal causes of action), and (d) present to creditors and other courts of competent jurisdiction this Order as evidence of such authority. The compensation of the Liquidating Trustee as set

forth in the Plan Supplement is approved in all respects and the Liquidating Trustee shall perform its duties in its capacity as such as set forth in the Combined DS and Plan and the Liquidating Trust Agreement.

**I. Liquidating Trust**

69. On the Effective Date, the Debtors and the Liquidating Trustee shall execute the Liquidating Trust Agreement and shall take all other steps necessary to establish the Liquidating Trust pursuant to the Liquidating Trust Agreement and consistent with the Combined DS and Plan.

70. On the Effective Date, other than as set forth in the Combined DS and Plan or this Order, the Debtors shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Liquidating Trust all of the Debtors' and Estates' rights, title, and interest in and to all of the Liquidating Trust Assets, and, in accordance with section 1141 of the Bankruptcy Code, the Liquidating Trust Assets, shall automatically vest in the Liquidating Trust free and clear of all Claims, Liens, encumbrances, or interests, subject to the terms of the Combined DS and Plan and the Liquidating Trust Agreement. The act of transferring the Liquidating Trust Assets to the Liquidating Trust shall not be construed to destroy or limit any such assets or rights or be construed as a waiver of any right, and such rights may be asserted by the Liquidating Trust as if the asset or right was still held by the Debtors. The Liquidating Trust shall be governed by the Liquidating Trust Agreement.

**J. No Successor in Interest**

71. Except as otherwise expressly provided in the Combined DS and Plan or this Order, the Liquidating Trust (a) is not agreeing to, and shall not be deemed to assume the obligation to, perform, pay, or otherwise have any responsibilities for any liabilities or obligations of the Debtors or any other Entity relating to or arising out of the operations or the

assets of the Debtors on or prior to the Effective Date, (b) is not, and shall not be, a successor to the Debtors by reason of any theory of law or equity or responsible for the knowledge or conduct of any Debtor prior to the Effective Date, and (c) shall not have any successor, transferee, or similar liability of any kind or character.

**K. Securities Exempt**

72. The Liquidating Trust Units to be distributed pursuant to the Combined DS and Plan shall not constitute "securities" under applicable law. To the extent the Liquidating Trust Units are considered "securities" under applicable law, the issuance of such interests satisfies the requirements of section 1145 of the Bankruptcy Code and, therefore, such issuance is exempt from registration under the Securities Act and any state or local law requiring registration.

**L. Exemption from Transfer Tax and Recording Fees**

73. To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfer of property pursuant to or in connection with the Combined DS and Plan, including the transfer of the Liquidating Trust Assets to the Liquidating Trust, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate or bulk transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory Filing or recording fee, or other similar tax or governmental assessment. This Order hereby directs the appropriate federal, state, or local governmental officials or agents to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the instruments or documents filed or recorded pursuant to the Combined DS and Plan without payment of any such tax or governmental assessment. All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code, shall forgo the collection of any such tax or governmental

assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

**M. Cancellation of Notes, Instruments, Certificates, and Other Documents**

74. Except as otherwise provided in the Combined DS and Plan or this Order, the Debtors' obligations under any other note, bond, indenture or other instrument or document evidencing or creating any indebtedness or obligation of the Debtors shall be deemed released, settled, and compromised on the Effective Date.

**N. Treatment of Executory Contracts and Unexpired Leases**

75. Except as otherwise provided in the Combined DS and Plan or this Order, on the Effective Date, all Executory Contracts and Unexpired Leases of the Debtors shall be deemed rejected pursuant to the provisions of sections 365 and 1123 of the Bankruptcy Code.

**O. The Releases, Injunction, Exculpation, and Related Provisions Under the Combined DS and Plan**

76. The releases, exculpations, injunction and related provisions set forth in Article XII are incorporated herein in their entirety, as modified below, and are hereby approved and authorized in all respects, are so ordered, and shall be immediately effective on the Effective Date as set forth below without further order or action on the part of this Bankruptcy Court or any other party.

**1. Releases by the Debtors**

**77. Except as otherwise provided herein or in the Combined DS and Plan, as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Combined DS and Plan and the contributions of the Released Parties to facilitate and implement the Combined DS and Plan, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally,**

**generally, individually, collectively, irrevocably, and forever released and discharged by the Debtors and their Estates, including any of their successors and assigns, and any and all other Entities who may purport to assert any Causes of Action, directly or derivatively, by, through, for, or because of the Debtors or their Estates from any and all Causes of Action whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, the Estates, or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- and out-of-court restructuring efforts, the Chapter 11 Cases, the Plan Documents, or any other instrument, contract, or document related to the foregoing, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined DS and Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, pursuit, performance, administration, implementation, or consummation of the Chapter 11 Cases (including any payments, distributions or transfers in connection therewith), the Plan Documents, or any other instrument, contract, or document related to the foregoing, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date.**

**78. For the avoidance of doubt and notwithstanding anything to the contrary in the Combined DS and Plan, this Order, or any prior order of the Bankruptcy Court, the releases set forth in Article XII.A and Article XII.B of the Combined DS and Plan do NOT release: (a) Claims or Causes of Action of the Debtors against (i) all professionals, advisors, and attorneys advising the Debtors prior to the Petition Date other than those specifically identified in (d) through (g) of the definition of "Released Party" in Article I.A.101 of the Combined DS and Plan, (ii) any entity that directly or indirectly owned, held, or controlled any equity in the Debtors prior to the Petition Date (unless otherwise provided herein), (iii) the Debtors' current or former direct or indirect non-Debtor subsidiaries, (iv) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted fraud, gross negligence or willful misconduct, and (v) Solectrac; and (b) (i) any obligations of any party or Entity under the Combined DS and Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Combined DS and Plan; (ii) any rights or obligations under the Sale Orders; (iii) any Causes of Action against any Entity that is not a Released Party; or (iv) any Causes of Action against any Entity solely to the extent (1) such Causes of Action are asserted as defenses to affirmative prepetition Claims asserted by such Entity against the Debtors' Estates, and (2) such Claims have not been Allowed pursuant to a Final Order or expressly Allowed pursuant to the Combined DS and Plan.**

**2. Third Party Releases**

**79. Except as otherwise provided in the Combined DS and Plan, as of the Effective Date and to the fullest extent authorized by applicable law, for good and valuable consideration, including the obligations of the Debtors under the Combined DS and Plan**

**and the contributions of the Released Parties to facilitate and implement the Combined DS and Plan, each Releasing Party, conclusively, absolutely, unconditionally, generally, individually, collectively, irrevocably, and forever releases and discharges the Released Parties from any and all Causes of Action whatsoever (including any derivative claims purportedly asserted or assertable by any Releasing Party against any Released Party), whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that such Releasing Party would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, the Estates, or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- and out-of-court restructuring efforts, the Chapter 11 Cases, the Plan Documents or any other instrument, contract, or document related to the foregoing, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined DS and Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, pursuit, performance, administration, implementation, or consummation of the Chapter 11 Cases (including any payments, distributions or transfers in connection therewith), the Plan Documents, or any other instrument, contract, or document related to the foregoing.**

**80. For the avoidance of doubt and notwithstanding anything to the contrary in the Combined DS and Plan, the Confirmation Order, or any prior order of the Bankruptcy Court, the releases set forth in Article XII.B of the Combined DS and Plan do NOT release:**

**(i) any obligations of any party or Entity under the Combined DS and Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Combined DS and Plan, (ii) any rights or obligations under the Sale Orders, (iii) any Causes of Action against any Entity that is not a Released Party, and (iv) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted fraud, gross negligence or willful misconduct.**

**3. Exculpation**

**81. No Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action or liability for any Claim related to any act or omission occurring from the Petition Date through the Effective Date in connection with or arising out of, the administration of the Chapter 11 Cases, the entry into the Final DIP Order and the Sale Orders, the entry into the Liquidating Trust Agreement, the negotiation and pursuit of the Combined DS and Plan, or the solicitation of votes for, or confirmation of, the Combined DS and Plan, the funding of the Combined DS and Plan, the consummation of the Combined DS and Plan, or the administration of the Combined DS and Plan or the property to be distributed under the Combined DS and Plan, and the issuance of securities or beneficial interests under or in connection with the Combined DS and Plan or the transactions contemplated by the foregoing, except for willful misconduct, gross negligence, or intentional fraud as finally determined by a Final Order, but in all respects such Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Combined DS and Plan. The Exculpated Parties have participated in compliance with the applicable provisions of the Bankruptcy Code with regard to the**

**solicitation and distribution of the securities pursuant to the Combined DS and Plan, and are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Combined DS and Plan or such distributions made pursuant to the Combined DS and Plan. Notwithstanding anything to the contrary in the foregoing or any other provision of the Combined DS and Plan, the foregoing provisions of the exculpation provision shall not operate to waive or release the rights of the Debtors or other parties in interest to enforce the Combined DS and Plan and the contracts, instruments, releases and other agreements or documents delivered under or in connection with the Combined DS and Plan and Plan Supplement or assumed pursuant to the Combined DS and Plan or assumed pursuant to Final Order of the Bankruptcy Court.**

**4. Injunction**

**82. Except as otherwise provided in the Combined DS and Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Entities who have held, hold or may hold Causes of Action, Claims or Interests in the Debtors or the Estates that have been released or are subject to exculpation are, with respect to any such Causes of Action, Claims or Interests, permanently enjoined, from and after the Effective Date, from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Estates or any of their Assets, the Liquidating Trust, the Released Parties, the Exculpated Parties, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any pre-judgment**

**attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtors, the Estates or any of their Assets, the Liquidating Trust, the Released Parties, the Exculpated Parties or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities, or any property of any such transferee or successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Estates or any of their Assets, the Liquidating Trust, the Released Parties, the Exculpated Parties, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities, or any property of any such transferee or successor; (iv) commencing or continuing in any manner or in any place, any suit, action or other proceeding on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or to be released pursuant to the Combined DS and Plan or the Confirmation Order, including the releases and exculpations provided under Article XII.A, Article XII.B and Article XII.C of the Combined DS and Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Combined DS and Plan to the fullest extent permitted by applicable law; and (vi) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Combined DS and Plan; provided, that the Debtors shall receive the benefit of this paragraph through and until the date upon which all Liquidating Trust Assets vest in the Liquidating Trust; provided, further, however, that nothing contained herein or in the Combined DS and Plan shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the**

**Combined DS and Plan. Each Holder of an Allowed Claim or Allowed Interest shall be deemed to have specifically consented to the injunctions set forth herein. For the avoidance of doubt, the foregoing provisions of this Section shall not operate to waive or release the rights of the Debtors, the Liquidating Trustee, or other parties in interest to enforce the Combined DS and Plan and the contracts, instruments, releases and other agreements or documents delivered under or in connection with the Combined DS and Plan and Plan Supplement or assumed pursuant to the Combined DS and Plan or assumed pursuant to Final Order of the Bankruptcy Court. For clarity, notwithstanding any other provision in the Combined DS and Plan or this Confirmation Order, the Injunction does not apply to any Claim against a Debtor after the Effective Date of the Plan.**

**5. Release of Liens**

**83. Except as otherwise provided herein or in any contract, instrument, release, or other agreement or document created pursuant to the Combined DS and Plan, on the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released and discharged, and the Holders of such mortgages, deeds of trust, Liens, pledges, or other security interests shall execute such documents as may be reasonably requested by the Debtors, or the Liquidating Trustee, as applicable, to reflect or effectuate such releases, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Liquidating Trust and its successors and assigns.**

**P. Post-Confirmation Notices and Bar Dates**

84. On or within two (2) Business Days of the Effective Date, the Debtors shall file and serve a notice of Effective Date and entry of this Order (the "Effective Date Notice"). The Debtors will serve the Effective Date Notice in accordance with Bankruptcy Rules 2002 and

3020(c) on all parties served with the Combined Hearing Notice within fourteen (14) Business Days after the Effective Date or as soon as reasonably practicable thereafter. Notwithstanding the above, no notice of Confirmation or Effective Date or service of any kind shall be required to be mailed or made upon any Entity to whom the Debtors mailed notice of the Combined Hearing Notice, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address," "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. For those parties receiving electronic service, filing on the docket is deemed sufficient to satisfy such service and notice requirements.

85. The Effective Date Notice will have the effect of an order of the Bankruptcy Court, will constitute sufficient notice of the entry of this Order to filing and recording officers, and will be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law. The Combined Hearing Notice, this Order, and the Effective Date Notice are adequate under the particular circumstances of these Chapter 11 Cases, and no other or further notice is necessary.

86. The form of the Effective Date Notice substantially in the form attached hereto as **Exhibit B** is approved.

**Q. Administrative Claims**

87. Except as otherwise provided in the Combined DS and Plan or this Order, requests for payment of Administrative Claims must be filed no later than the Administrative Claims Bar Date in accordance with the Combined DS and Plan.

**R. Insurance Contracts**

88. All Insurance Contracts to which any Debtor is a party as of the Effective Date shall be deemed to be and treated as Executory Contracts and shall be assumed by the applicable

Debtor(s) and assigned to the Liquidating Trust effective as of the Effective Date pursuant to sections 365(a) and 1123 of the Bankruptcy Code, and such Insurance Contracts shall continue in full force and effect after the Effective Date in accordance with their respective terms. Nothing in the Combined DS and Plan (including the assignment of any Insurance Contract to the Liquidating Trust pursuant to the Combined DS and Plan) shall impair, diminish, or otherwise adversely modify the enforceability of, or any coverage under, any Insurance Contracts or the Debtors' or Liquidating Trust's, as applicable, rights in any Insurance Contracts. Entry of this Order constitutes the Bankruptcy Court's approval of the Debtors' assumption and assignment to the Liquidating Trust of each of the Insurance Contracts pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

**S. Privilege**

89. The Liquidating Trust shall be given access by the Debtors and their professionals (at the expense of the Liquidating Trust with respect to any expenditure of resources that is more than de minimis) to all information the Liquidating Trustee determines is necessary to prosecute, investigate, sell, transfer, or convey any of the Preserved Estate Claims and to benefit from any relevant privileges. As set forth in the Liquidating Trust Agreement, all attorney-client privileges, work product protections and other privileges, immunities or protections from disclosure (the "LT Privileges") held by any one or more of the Debtors (including any prepetition or post-petition committee or subcommittee of the board of directors or equivalent governing body of any of the Debtors and their predecessors) (collectively, the "LT Privilege Transfer Parties") related in any way to the Liquidating Trust Assets and the purpose of the Liquidating Trust (the "LT Transferred Privileged Information") are hereby transferred and assigned to the Liquidating Trust. The LT Transferred Privileged Information shall include documents and information of all manner, whether oral, written, or digital, and whether or not

previously disclosed or discussed. For the avoidance of doubt, the LT Privileges shall include any right to preserve or enforce a privilege that arises from any joint defense, common interest, or similar agreement involving any of the LT Privilege Transfer Parties related in any way to the Liquidating Trust Assets and the purpose of the Liquidating Trust.

**T. Notice of Subsequent Pleadings**

90. The Notice of Effective Date may provide that to continue receiving service of documents filed in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002, parties must file a renewed request to receive such service, *provided*, that the U.S. Trustee need not file such a renewed request and shall continue to receive documents without further action being necessary. Except as otherwise provided in the Combined DS and Plan, the Liquidating Trust Agreement, or this Order, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the U.S. Trustee; (b) the Liquidating Trustee; (c) any party known to be directly affected by the relief sought by such pleadings, and (d) any party that has filed a renewed request under Bankruptcy Rule 2002.

**U. Reports and Statutory Fees**

91. Except as otherwise provided in the Combined DS and Plan, the Liquidating Trust Agreement, or this Order, after entry of this Order, the Debtors and the Liquidating Trust, shall have no obligation to file with the Bankruptcy Court, serve on any parties, or otherwise provide any party with any other report that the Debtors were obligated to provide under the Bankruptcy Code or an order of the Bankruptcy Court; *provided*, that (a) before the Effective Date, the Debtors shall file all monthly operating reports due prior to the Effective Date when they become due, and (b) after the Effective Date, the Liquidating Trustee, and the Debtors shall file separate UST Form 11-PCR quarterly reports if and when they become due. Except as set forth in the Liquidating Trust Agreement, the Liquidating Trustee shall have no obligation to file quarterly

reports with respect to a Debtor once such Debtor's case is closed, converted, dismissed or a final decree has been entered by the Bankruptcy Court.

**V. Binding Effect**

92. On the date of and after entry of this Order and subject to the occurrence of the Effective Date, the terms of the Combined DS and Plan, and the final versions of the documents contained in the Plan Supplement and this Order shall be immediately effective and enforceable and deemed binding upon the Debtors, the Liquidating Trust, any and all Holders of Claims (irrespective of whether the Holders of such Claims accepted or rejected the Combined DS and Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, and injunction described in the Combined DS and Plan or in effect as of the date hereof, all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors, and all other parties in interest. All Claims against the Debtors shall be as fixed, adjusted, or compromised, as applicable, pursuant to the Combined DS and Plan regardless of whether any Holder of a Claim has voted on the Combined DS and Plan.

93. Pursuant to section 1141 of the Bankruptcy Code, subject to the occurrence of the Effective Date and subject to the terms of the Combined DS and Plan and this Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by the Debtors as authorized and directed under such prior orders, and all motions or requests for relief by the Debtors pending before this Bankruptcy Court as of the Effective Date shall be binding upon and shall inure to the benefit of the Debtors, the Liquidating Trust, and each of their respective successors and assigns.

94. The Combined DS and Plan, all documents and agreements executed by the Debtors in connection therewith, this Order, and all prior orders of the Bankruptcy Court in the Chapter 11 Cases shall be binding against and binding upon and shall not be subject to rejection

or avoidance by any chapter 7 or chapter 11 trustee appointed in any of the Chapter 11 Cases or any successor case or the Liquidating Trustee.

**W. Nonseverability of Combined DS and Plan Provisions upon Confirmation**

95. Each term and provision of the Combined DS and Plan, as may have been altered or interpreted by the Bankruptcy Court prior to the entry of this Order in accordance with the Combined DS and Plan, is (a) valid and enforceable pursuant to its terms, (b) integral to the Combined DS and Plan and may not be deleted or modified except in accordance with the Combined DS and Plan, and (c) nonseverable and mutually dependent.

**X. Injunctions and Automatic Stay**

96. Unless otherwise provided in the Combined DS and Plan or in this Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and existing on the Confirmation Date (excluding any injunctions or stays contained in the Combined DS and Plan or this Order) shall remain in full force and effect to the maximum extent permitted by law. All injunctions or stays contained in the Combined DS and Plan or this Order shall remain in full force and effect in accordance with their terms.

**Y. Substantial Consummation and Effectiveness of the Combined DS and Plan**

97. The Debtors are authorized to consummate the Combined DS and Plan at any time after the entry of this Order subject to satisfaction or waiver, in accordance with the terms of the Combined DS and Plan, of the conditions precedent to the occurrence of the Effective Date set forth in Article XIII of the Combined DS and Plan. The substantial consummation of the Combined DS and Plan, within the meaning of sections 1101(2) and 1127 of the Bankruptcy Code, shall be deemed to occur on the Effective Date. The Combined DS and Plan shall not become effective unless and until the conditions set forth in Article XIII.B of the Combined DS

and Plan have been satisfied or waived in accordance with Article XIII.C of the Combined DS and Plan.

**Z. Effect of Non-Occurrence of Conditions to the Effective Date**

98. If the Effective Date does not occur (except as provided in Article XIII.E of the Combined DS and Plan), the Combined DS and Plan shall be null and void and nothing contained in the Combined DS and Plan shall: (a) constitute a waiver or release of any Claims against or Interests in the Debtors; (b) prejudice in any manner the rights of the Debtors, including any right to seek an extension of the exclusivity periods under section 1121(d) of the Bankruptcy Code; or (c) constitute an admission, acknowledgement, offer or undertaking by the Debtors.

**AA. Other Provisions**

99. In accordance with Article VII.E of the Combined DS and Plan, one or more of the Debtors may continue to exist after the Effective Date in accordance with the respective laws of the state under which any such Debtor was formed and pursuant to any such Debtor's certificates of incorporation, bylaws, articles of formation, operating agreements, and other organizational documents in effect prior to the Effective Date, to the extent necessary to comply with the Debtors' obligations under the Combined DS and Plan (including the payment of Allowed Professional Fee Claims) or otherwise until such date as reasonably mutually determined by the Liquidating Trustee. The Liquidating Trustee is authorized to effectuate any such obligations or services through the post-Effective Date Debtors, rather than the Liquidating Trust, in its sole discretion.

**BB. Effect of Conflict Between Combined DS and Plan, the Plan Supplement, and this Order**

100. The provisions of the Combined DS and Plan and this Order shall be construed in a manner consistent with each other so as to effect the purpose of each other. If there is any direct conflict between the terms of the Combined DS and Plan (including the Plan Supplement) and the terms of this Order, the terms of this Order shall govern and control. Except as set forth in the Combined DS and Plan or any such document, in the event of any inconsistency among the Combined DS and Plan and any document or agreement filed in the Plan Supplement, the Combined DS and Plan shall control.

**CC. Retention of Jurisdiction**

101. Notwithstanding entry of this Order and the occurrence of the Effective Date, on and after the Effective Date, this Bankruptcy Court retains jurisdiction over the Chapter 11 Cases, all matters arising out of or related to the Chapter 11 Cases and the Combined DS and Plan, including the matters set forth in Article XIV of the Combined DS and Plan (except as otherwise provided in the Combined DS and Plan or Liquidating Trust Agreement).

**DD. Headings**

102. Headings utilized herein are for convenience and reference only and shall not constitute a part of the Combined DS and Plan or this Order for any other purpose.

**EE. Waiver of 14-Day Stay**

122. Notwithstanding Bankruptcy Rule 3020(e), and, to the extent applicable, Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014 and any other Bankruptcy Rule, this Order is effective immediately and not subject to any stay.

**FF. Final Order**

123. This Order is a final order, shall take effect immediately and be enforceable immediately upon entry, and its provisions shall be self-executing and the period in which an appeal must be filed will commence upon entry of this Order. In the absence of any Person obtaining a stay pending appeal, the Debtors are authorized to consummate the Combined DS and Plan.



**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: January 16th, 2026**
**Wilmington, Delaware**