# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IDEX WIND DOWN, INC. f/k/a IDEANOMICS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12728 (CTG)<br><br>Jointly Administered<br><br>**Re: D.I. 719** |

**STIPULATION OF THE LIQUIDATING TRUST AND**
**ORACLE AMERICA, INC. ALLOWING CERTAIN ADMINISTRATIVE EXPENSES**

This stipulation (the "Stipulation") is entered into by and among Oracle America, Inc. ("Oracle") and J.S. Held LLC, as Liquidating Trustee of the Ideanomics Liquidating Trust (the "Liquidating Trustee") of the estates of the above-captioned debtors (collectively, the "Debtors", and together with Oracle and the Liquidating Trustee, collectively, the "Parties"). The Parties hereby stipulate and consent as follows:

**RECITALS**

**WHEREAS**, on December 4, 2024 (the "Petition Date"), the Debtors commenced these proceedings (the "Bankruptcy Cases") each by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

**WHEREAS**, on January 16, 2026, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of IDEX Wind Down, Inc. f/k/a Ideanomics, Inc. and Certain of Its Debtor Affiliates,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or state identification number, are: IDEX Wind Down, Inc. f/k/a Ideanomics, Inc. (8374); WAVE Wind Down, LLC f/k/a Wireless Advanced Vehicle Electrification, LLC (6793); Solectrac, Inc. (4653); Timios Holdings Corp. (0190); Justly Holdings Inc. (3657); Justly Markets Wind Down LLC f/k/a Justly Markets LLC f/k/a Delaware Board of Trade Holdings, Inc. (5107); VIA Motors International, Inc. (7063); and VIA Motors, Inc. (0185). The headquarters for the above-captioned Debtors is located at 217 W. 18th Street, PO Box 70, New York, NY 10113.

*and Granting Related Relief* [D.I. 639] (the "Confirmation Order"), thereby confirming the *Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of IDEX Wind Down, Inc. f/k/a Ideanomics, Inc. and Certain of Its Debtor Affiliates* [D.I. 571-1] (as amended and supplemented, the "Plan")[2]. Among other things, the Plan established the Liquidating Trust and J.S. Held LLC as the Liquidating Trustee.

**WHEREAS**, on February 13, 2026, the Debtors filed the *Notice of (I) Entry of Findings of Fact, Conclusions of Law, and Order Approving the Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of IDEX Wind Down, Inc. f/k/a Ideanomics, Inc. and Certain of Its Debtor Affiliates, and Granting Related Relief and (II) Occurrence of Effective Date on February 13, 2026* [D.I. 681] (the "Notice").

**WHEREAS**, the Notice (i) confirmed that all conditions precedent to the occurrence of the effective date were satisfied on February 13, 2026 (the "Effective Date"), and (ii) established March 16, 2026, as the deadline to file administrative claims.

**WHEREAS**, on the Effective Date, the Liquidating Trust was established and all the Debtors' and the Estates' rights, title, and interest in and to the Liquidating Trust Assets were irrevocably transferred to and vested in the Liquidating Trust. *See* Confirmation Order at ¶ 69-70.

**WHEREAS**, the Liquidating Trustee is authorized by Article VII.B.1 of the Plan and Confirmation Order to investigate, prosecute and resolve any claims and demands against the Debtors and the Estates.

**WHEREAS**, on March 16, 2026, Oracle America, Inc. ("Oracle") filed *Oracle America, Inc.'s Request for Allowance and Payment of Chapter 11 Administrative Expenses* [D.I. 719] (the

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

"Motion") seeking allowance and payment of an administrative expense in the sum of $336,775.24 (the "Claim Amount").

**WHEREAS**, the Parties have engaged in good faith discussions regarding the Motion and have agreed to resolve the Motion as set forth herein.

**NOW THEREFORE**, in consideration of the foregoing recitals, the terms herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties intending to be legally bound, hereby stipulate and agree as follows:

1. Recitals. The above recitals are true and correct and are incorporated herein by reference.

2. Effective Date. This Stipulation shall be effective upon the date it is fully executed.

3. Administrative Claim. The Parties agree that upon the Effective Date of this Stipulation:

   a. Oracle shall be granted an administrative expense claim in the amount of $85,186.00 which shall be deemed allowed (the "Allowed Claim");

   b. Oracle agrees that the Allowed Claim represents the full and final satisfaction of the Claim Amount;

   c. Oracle agrees that this Stipulation governs only allowance, but not payment, of the Allowed Claim; provided, however, Oracle will be paid *pari passu* with all other allowed administrative claimants; and

   d. The Motion shall be deemed withdrawn with prejudice.

4. Binding Effect. This Stipulation and each and every covenant, warranty, release and agreement set forth herein shall be binding upon and inure to the benefit of each of the Parties

hereto and their respective agents, subsidiaries, employees, officers, directors, predecessors, successors, and assigns.

5. No Admissions. Each of the Parties understands and agrees that this Stipulation reflects a compromise of disputed claims and does not constitute, nor shall it be construed as, in any way, an admission of liability, fault, violation, responsibility, or wrongdoing by either of the Parties.

6. Acknowledgments. The Parties have participated in and jointly consented to the drafting of this Stipulation, and any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting. The undersigned are duly authorized and empowered to execute this Stipulation on behalf of the respective Parties.

7. Severability. Should any provision of this Stipulation be held by a court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Stipulation will nonetheless remain in full force and effect, unless such portion of the Stipulation is so material that its deletion would violate the obvious purpose and intent of the Parties.

8. Entire Agreement. Except as otherwise provided herein, this Stipulation constitutes the entire agreement of the Parties concerning the subject matter hereof, and supersedes any and all prior or contemporaneous agreements among the Parties. The Parties acknowledge that this Stipulation is not being executed in reliance on any oral or written agreement, promise or representation not contained herein. Any amendment to or waiver under this Stipulation must be made in writing signed by both of the Parties.

9. Headings. The headings herein are inserted for convenience only and do not in any way limit or modify the terms or provisions of this Stipulation or affect any interpretation hereof.

10. Attorneys' Fees and Costs. Each Party shall bear its own attorneys' fees, costs, and expenses in connection with the matters set forth in this Stipulation, including, but not limited to, the negotiations and preparation of the Stipulation and obtaining the entry of the Order approving this Stipulation.

11. Original and Counterparts. This Stipulation may be executed in counterparts, each of which constitutes an original, and all of which, collectively constitute only one agreement. The signatures of both of the Parties need not appear on the same counterpart. Oracle represents and warrants that it has not sold, assigned, pledged, or otherwise transferred any claims that it might have against the Debtors, the Debtors' estates, or the Liquidating Trust.

[*signature page follows*]

Dated: November 18, 2026

/s/ Kevin M. Capuzzi
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Kevin M. Capuzzi (No. 5462)
Melissa A. Sobrepera (No. 7665)
1313 North Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: kcapuzzi@beneschlaw.com
msobrepera@beneschlaw.com

- and -

**PIERCE ATWOOD LLP**
Alex F. Mattera (admitted pro hac vice)
100 Summer Street, 22nd Floor
Boston, Massachusetts 02110
Telephone: (617) 488-8112
Email: amattera@pierceatwood.com

*Counsel for J.S. Held LLC, as Liquidating Trustee of Ideanomics Liquidating Trust*

Dated: November 18, 2026

/s/ James E. Huggett
**MARGOLIS EDELSTEIN**
James E. Huggett (No. 3956)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 888-1112
Email: jhuggett@margolisedelstein.com

**BUCHALTER LLP**
Shawn M. Christianson
425 Market Street, Suite 2900
San Francisco, California 94105
Telephone: (415) 227-0900
Email: schristianson@buchalter.com

- and -

**THE MAGNOZZI LAW FIRM P.C.**
Mark F. Magnozzi
Benjamin Rachelson
23 Green Street, Suite 302
Huntington, New York 11743
Telephone: (631) 923-2858
Email: mmagnozzi@magnozzilaw.com

*Counsel for Oracle America, Inc.*